Please the court counsel I'm Shane Coleman I'm here on behalf of the appellant Donald Stratton in this matter there are multiple issues on this appeal although we believe there are substantial overlap among those issues I'm going to address this in the same order that it's addressed in our briefs which I think adequately cover pretty much everything in this case I'm going to address dr. Bucks the claims against dr. Buck first and then proceed to the court's indulgence I would like to reserve three minutes of my time for rebuttal if you can look at the clock as well I'll try to catch it but thank you thank you the first issue we turn to is the most critical one and the one I think is dispositive of this matter and that's the RAND notice I'm referring specifically to the granting of summary judgment in favor of dr. Buck when I addressed RAND first but the reason RAND is so important and the notice they're under is because there's no harmless error review under RAND if the notice required by RAND was not given this court doesn't look any further to guess what might mr. Stratton have given to the trial court it's remanded and it's and it goes from there we're not here to guess whether or not the error if any was harmless and we're not here to guess what what he might have submitted the specific issue in this case though is whether a RAND notice can be buried in a scheduling order issued months prior to the summary judgment motion RAND the so-called RAND notice as the court knows actually derives from much earlier cases and RAND is just probably the most recent on bunk formulation of what that notice requires but the gist of RAND says that we need to inform certain litigants in this case pro se prisoner plaintiffs of their rights as it relates to summary judgment specifically what RAND stands for is a proposition that we need to level the playing field the defendants in these cases are typically represented by counsel the defendants know that rule 56 permits the submission of certain information to the court for consideration of summary judgment summary judgment which many courts have referred to as an extreme remedy because it takes out the case before the litigant ever has a chance to get the court one of the cases that said it I think for another proposition refers to summary judgment as essentially a mini trial in that the court is trying to determine is trying to weigh whether or not this case even gets the trial and from a plaintiff's pro se prisoner plaintiffs perspective it's a lot of peas the it is the trial essentially if the case is going to get tossed so the question is when the court is about to consider matters beyond what is simply stated in the pleadings when the court is about to consider facts whether it considers those as either undisputed facts or whether it weighs those facts the plaintiff when that plaintiffs is a pro se prisoners entitled to protections that might not otherwise apply in Rand there was a notice that was given that was actually fairly substantive and it arguably it was too substantive because it cited the law but in Rand the defendants in that case within their summary judgment briefing included a notice that followed what was then the case referred to as Klingel I believe is how it's pronounced and said here's the notice here's what's going to happen on summary judgment Rand said we commend the efforts of the defendants but by burying that notice within the pleadings by including it as a part of it it didn't fairly warn and that's the language of Rand is is warning it didn't fairly warn the pro se prisoner of exactly what could happen because it didn't present itself in a way that hey heads up your case could be dismissed and here's what you can do even though does it make a difference in this case that the district judge took up the rule 56 F request and at upon after the objections to the findings and both sides were given an opportunity to go over the discovery that was what you folks argue was answered in a tardy fashion or the answers to interrogatories and was able to weigh all of that information and provide the plaintiff prisoner pro se an opportunity to review and respond to that information no it does not your honor and here's why it doesn't the there's more than just the conducting of discovery that that ran in the subsequent decision and why it discuss what it's about is leveling the playing field not only to permit discovery of facts that could then be presented but it would also afford mr. Stratton for instance the opportunity to submit his own affidavit and there are issues related for instance to exhaustion where he has made assertions in his briefs for instance that he believed that the court was going to or believe that the grievance officer was going to resubmit something I don't see that in the record where he did that but he said that in his briefs so beyond just conducting discovery beyond rule 56 F I'm entitled to further discovery it's he would need to he would also have the testimony essentially that's one point point two would be Rand is about notice it's not about extending discovery necessarily it's about informing the prisoner of what information of how to go about dealing with summary judgment and Rand has like I say Rand has said that it's not sufficient to give that notice when it's buried within a brief in this case for the exact same reason it's not appropriate to give it in a form scheduling order sent out to the the parties two months before any summary judgment brief issues it's a poor example but think about any other time in society when we give a warning Rand talks about the beginning of the Rand notice that it attaches as exhibit a it refers to that as a it says warning a some of the defendant has moved for a contemporaneous notice being given but any other time in society when we want to give notice cigarettes are dangerous where do we put that notice we put it at the point of use where do we put traffic notices when we want to warn somebody of an upcoming merging into traffic for instance we teach them in driver's education for sure but we also said that doesn't mean we don't put signs on the road when there's about to be a dangerous situation that's what happened here if it was insufficient and ran to include that notice within the briefs it's even worse to include the Rand notice two months earlier Mr. Coleman let me ask you a question I think the point you made about the plaintiffs inability to come up with his own affidavit with respect to the exhaustion as against the nurse I think that has some validity I bet I bet I can see I'm a hard time putting my thinking cap on what additional fact has not been developed with respect to whether the doctor was a state actor can you help us there sounds like everything that we need to know is in the record first your honor and I hate to give you the cop-out answer but the short answer is we don't consider harmless error review for failure to give a Rand notice well that's not exactly right I mean I look at brand and ran said that harmless error is usually not appropriate it doesn't say it's never appropriate isn't that right the discussion in random and at least one of the other cases following Rand referencing this point still talks about a notice they ran leaves oh well I'm not saying that I'm not saying you didn't get notice we have we stipulated didn't get the notice for the purposes of our argument but says we continue to believe that harmless error review is inappropriate in most cases it doesn't say all the time so let me get back to my question to you which is is there can you conjure up any fact you know I read your brief where you discussed the state actor principles is there any fact that you can think of that wasn't developed that could have been I cannot your honor and in a normal situation where the record seems to me to be devoid of of that I would very sheepishly try to come up with a different answer here I proudly tell you I can't think of what mr. Stratton might have developed either in discovery further discovery had it been permitted nor can I imagine what he might have submitted based on the information he already had but that's the point he should have had the opportunity and Rand would have alerted him to that I don't know what he would have done it's not in the record and one reason why I don't think it's in the record is because he wasn't given the Rand notice ran to be clear talks about it's not always harmless error review but it refers to those instances of repeat litigants who have perhaps gotten the Rand notice in a related case previously that's what it talks about as an exception to the harmless error review it doesn't say we're going to look substantively at the underlying merits of this and conclude that the error was harmless because there were no set of facts that that he could have developed had he been given the notice and had he been afforded the opportunity to conduct discovery and since I'm running short of time if I may I want to skip to that point specifically as to dr. buck the the narrow inquiry here on the merits and again in reviewing a summary judgment grant we're talking about whether there's any fact material fact that could have been developed not what we believe those those facts necessarily will ultimately come down to the narrow issue is shouldn't an ER physician be treated differently than another private physician the West case tells us a couple of things from the at the function within the system well first it tells us that a private physician can be found to be a state actor secondly and in that case there was a contractual relationship that was relied upon secondly it tells us that we don't look necessarily though at that relationship we look at the function within the system medical care is a function that's being performed does it doesn't West say that voluntariness is an important factor in determining this this issue and so I mean if that's what it says what's your response to that that's a tough one I won't kid your honor the it says voluntariness I don't think it says it's a an important factor is probably what it says I don't think it says it's a requirement I think that was a factor that was present in the facts of West it doesn't say that it necessarily needs to be found that the facts of West also included a contract that was what went into the other circuits like the Fourth Circuit have said there's no requirement that you even have a contract in the Fourth Circuit for instance leaves open specifically the question of any our physician in the hypothetical and to be clear the two cases that dr. buck relies on in this on this point one from one look to the Coles case did not address this it specifically says Coles does not challenge this in any event at the conclusion after finding that any our physician is not a state actor it ends with and Coles didn't even raise this issue it's dicta the court shouldn't consider it the other one is Sykes and Sykes specifically references the fact that there was no contractual relationship and that's what the magistrate in this case reference there's no contractual relationship we're asking this court to go beyond that and follow the line of reasoning that's in the Connor versus Donnelly case and to extend that why should there be a voluntariness requirement the question is whether an individual is performing a function that's traditionally performed exclusively by the state it's the function that should matter it doesn't matter whether the person wants to be a state actor or not it's their role within the system and that's what Wes said do you want to reserve the over reserve the remainder thank you as you know mr. Stratton brought this 1983 claim alleging that he was subjected to cruel and unusual punishment by dr. buck for her failure to provide him with pain medication following an assault in the jail the court below us properly and reasonably so decided that there was no evidence to support the claim that dr. buck was a state actor and I'm asking this court to affirm that decision finding that there was no abuse of discretion in that process clearly we are before this court with regard to dr. buck on the issue of whether emergency medicine amounts to a state and the answer is it absolutely does not and there's no case law that says otherwise dr. buck is a private physician who provides emergency medicine care to every patient who walks in her door whether she wants to or not she has no contractual relationship with the state emergency medicine is not a traditional or exclusive function of this state and the courts have made that perfectly clear and in fact the court did say in Kohl's versus Eagle that quote emergency room medical treatment is not a traditional and exclusive function of government and quote there can somebody ask you to suppose suppose we agree with you on the merits but we also agree with mr. Coleman that the notice was defective what what then well I think that it is correct to consider what the result of that would be and what the notice that was to be provided to mr. Stratton required and the only issue as I understand it before the court right now is the timing of that notice there hasn't been an argument that the notice itself was inadequate and in fact the notice that was provided outlined very clearly the rules that apply to summary judgment the process and the outcome should that should the plaintiff fail to ride adequate yes suppose we find suppose we find the timing was off then I think that the case would have to be remanded and what would happen would be in a huge waste of resources because as judge Brian correctly pointed out there is no more relevant evidence to gather in this case all of the evidence that goes to this issue of state action color of state law has already been produced there can be no argument based on any evidence but I guess the question is if the brand notice was insufficient does that is that endgame at that point or is it harmless error because we look at I'm on your side in terms of I don't know that there's any more relevant evidence that could be gathered with regard to whether or not she was a state actor and I think that that point has been well acknowledged yes and I think as judge Silverman pointed out that it that the Rand case doesn't say that in all cases you have to consider it harmless error that you can consider what difference did it make and I think that this is exactly the case to do that because we already have all of the evidence that form versus substance just to say okay because the district court was wrong in their decision as to when to give the Rand notice dr. Buck should be prejudiced by her reliance on the district courts timing of that notice even though we all know and counsel essentially acknowledges that there will be no more evidence to support a finding of state action in this case so there this shouldn't be a harmless error application at this time we should this is the appropriate case to consider what difference did the timing of the notice make and again that is the only issue here so what this court would have to do in saying that the Rand notice provided here was inadequate would say to dr. buck you were wrong to rely on the district court when they decided to issue that notice when they did and you were wrong to rely on it because the issue is only timing and the Rand case of course the issue there was whether it was appropriate for counsel to give that notice rather than the low the district court not whether it's appropriate for the district court to give the notice that was that was assumed to be the case and let me I wanted to ask you does Gray Harbor Community Hospital have any sort of contract with Stafford Creek Correction Center to be the exclusive provider for emergency treatment not that I'm aware of but I don't represent Gray's Harbor and dr. buck was an independent contractor for that private hospital I I'm not aware of whether they have a contract if they did we found that out during discovery if they did does that make dr. bucks actions any less voluntary no because she has an physician to provide care to every patient who comes in the door whether she wants to or not so even though the hospital which is a separate parties someone she has an independent contract with even if they decided to contract with the state or with the Department of Corrections she couldn't she wouldn't have any choice to opt in or opt out of that because as the emergency medicine provided she would have to provide the care regardless of whether she wanted to 1983 claims like this one and as the court correctly pointed out there is a voluntariness aspect of this that must be considered as all of the courts have pointed out including West including Coles including Connor which is why should we subject a physician like dr. buck who doesn't have a choice in the matter who will treat mr. Stratton as she does every single person who comes into that hospital whether she wants to or not and I also would point out on the discovery issue since petitioner is now arguing that this should be a public function test that is applied in a case like this responses to discovery would never matter because under the theory that they have proposed under the public function test emergency medicine is always a function exclusively reserved to the state so discovery on the issue of the relationship between dr. buck and the hospital and the emergence and the Department of Corrections or a similar set of circumstances involving different players that evidence would be entirely irrelevant because what this court would have to do is say that emergency medicine is always regardless of the particular circumstances of the relationship is always an exclusive function of the state and clearly that is not true there's no case that says it is and in fact the one case that has spoken to emergency medicine specifically has said there is not no relationship thank you all always like the rest of my time thank you may please the court I'm assistant attorney general candy double and I represent miss dale brown in this matter your honors we would ask that the district court's decision be upheld regarding the dismissal against the claims against miss brown because mr. Stratton failed to exhaust his administrative remedies as required under the prison litigation reform act as noted in our brief the Supreme Court found in Woodford versus know that the PLR a or the requirements under the appeal PLR a must be upheld and that an inmate must fully exhaust all administrative remedies available to him and that those administrative remedies must be exhausted in a timely manner what the Supreme Court in its decision also up upheld was that the inmate must exhaust all administrative remedies not just those that meet federal standards in his briefing mr. Stratton basically points to this court's decision in sap versus Kimbrell in 2010 and basically argues that mr. Stratton in essence had an exception to the exhaustion requirement as set forth under Woodford and what mr. Stratton argued under sap versus Kimbrell were that there are two exception was that there was a two-prong test and the two-prong test involved whether the offender's grievance would have in essence gone through all levels of the grievance process but to whether or not the institution or the individual improperly screened that grievance the section second exception that was brought forth in sap versus Kimbrell was whether or not the reasonable inmate or a reasonable person would believe that he has an essence exhausted all administrative remedies available to him in this particular case mr. Stratton is not arguing that his grievance was improperly screened there are standards that were set forth in the Department of Corrections offender grievance program as noted in mr. Frederick's declaration at supplemental excerpt of record 72 and in that supplemental record in that declaration mr. Frederick talks about and lays out the facts regarding the program and notes in there that when when offenders include certain items in grievances including grieving outside entities or citing to case law or RCW that those items are deemed to be non grievable in this particular matter what mr. Stratton is basically arguing is that he fits under the second exception under sap versus Kimbrell in the in the fact that he reasonably believed or he thought that there were no administrative remedies available to him once his second grievance was screened in this particular case all the evidence before the court and even mr. Stratton's own behavior bellies that argument in the second grievance do you agree that there was no warning with respect to Brown's motion to dismiss our position is that in regards to a motion to dismiss a ran warning is not applicable this court and why so I didn't ask you was applicable I asked you for was given we believe that the ran notice that was given was provided in the court's scheduling order and if the court finds that a ran notice is necessary under an unenumerated rule 12 motion to dismiss that that notice was adequate when it was provided by the court in its scheduling order did the scheduling order reference motions for summary judgment or motions to dismiss how did it reference a deadline for dispositive motions and that's where the ran notice is included at and that is included in the supplemental excerpt of record for miss back under pages 2 & 3 here it looks like it's dealing with motion for summary judgment doesn't if the warnings references a motion for summary judgment we would argue I'm referring to line line 12 says if a motion for summary judgment is filed is important for the opposing party to note the following looks like it's couched in terms of motion of summary judgment in essence what the scheduling order is and and what it sets forth is the deadline for dispositive motions in white versus right that's that's the paragraph above that it says motions should be filed on July 23rd 2010 then the next paragraph said if a motion for summary judgment is filed then it goes through the warning it doesn't seem to talk about the kind of motion you brought that's correct your honor miss Brown's motion was brought as an unenumerated rule 12 motion for a motion to dismiss or failure to exhaust and this court made the determination why it versus tear hewn what they did was they in essence split the argument and why it what the court did and why it was was indicate that for emotion for judgment a ran notice is in essence applicable what they also said and why it was that for a motion to dismiss based on failure to exhaust that that was specifically not considered a motion for summary judgment that that was going to be considered a unenumerated rule 12 motion and what the court declined to do in white versus tear hewn was basically in essence indicate that the requirements set forth in Rand were also to be provided to the offender in regards to a motion to dismiss under an unenumerated rule 12 case assuming arguendo that notice be provided or that type of notice be provided to the offender he was on notice in essence when he was required to set forth the facts in his complaint in his complaint and in the court standard boilerplate form for a 1983 claim one of the questions on there in which he also included his in his complaint was the exhaustion requirement he was well aware at the time that he filed his complaint that he was required to exhaust his administrative remedies and if he failed to do that that his case would be dismissed in his complaint he indicated that he in fact fully exhausted his administrative remedies he was then placed on notice through miss Brown's answer in this case when she brought it up as an affirmative defense and indicated that he had failed to exhaust his administrative remedies and therefore both of those not only through his pleading and through the courts in form for a 1983 claim but also in miss Brown's response or her answer to his complaint he's placed on notice at both of those times that this is an issue that he's required to exhaust his administrative remedies and if he fails to do that his case will be dismissed your honor therefore we would ask that the decision of the court be upheld that the case against miss Brown be dismissed for mr. Stratton's failure to exhaust his administrative remedies thank you thank you mr. Coleman I'll give you two minutes thank your honor and allow me to address these in reverse order addressing the most recent arguments of miss Brown first why it is absolutely clear we believe that Rand notice is required we don't think that's beyond an argument in the notion that it wasn't required here because mr. Stratton was required to set forth facts and his complaint is incorrect had this been a rule 12b 6 motion or a rule 12c motion where all we're looking at is the confines of the four corners of the complaint and the pleadings I wouldn't be here making this argument I'd be making a different the text of the complaint the face of the complaint and the answer we need to give the prisoner notice of exactly what sorts of stuff can be considered turning back to dr. Bucks arguments then first again I'd reiterate that it's not our role it should not be this courts role to decide what kind of evidence mr. might present on remand if it's remanded under Rand if he can't produce anything then the district court will take care of it at that point and this secondly this notion we also believe is correct that mr. that dr. Buck had no choice in the matter as to whether or not she treated him is the wrong inquiry the inquiry under Rand under or under I'm sorry under West is the function in the system and we can't I think it would be improper to say that treatment of a certain type in an ER is not state action or is not a state actor doing that on one day but that same treatment in a different setting would be the question of voluntariness should be the voluntariness of the pro se prisoner it's that prisoner that's the reason for the state actor notion is the prisoner has no choice whether to get taken to the ER he's confined the state's making a choice for him of how he's going to get care in the state has made that choice in this case taking it to dr. Buck in conclusion I guess I would ask this court to make this decision in this case as it does I think in all cases on the most basic and fundamental issue without reaching issues that we need not get to the most basic and fundamental issue as to both dr. Buck and mr. and ms. Brown's claims is the Rand notice it's required for both of them it's not just a matter of the timing of it it's substantively flawed because the timing is intricately intertwined with what it's supposed to do it's supposed to be a warning to say this has happened here's how you can respond if you have the goods if you will that wasn't given it's reversible there thank you thank you all right thank you all for your arguments here today the case is now submitted and the court is in recess thank you again
judges: Kobayashi, Silverman, Murguia